UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HARRY DeWAYNE LOWE,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 07-2918 (DSD/SRN)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241.  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In August 2000, a federal court jury in the Northern District of Illinois found Petitioner guilty of conspiracy to possess with intent to distribute marijuana.  Petitioner's trial was conducted shortly after the Supreme Court's landmark decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), which held that "[o]ther than the fact of a prior conviction, any fact that

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. In Petitioner's case, the amount of the marijuana involved in his offense affected the length of his sentence. Thus, in light of Apprendi, the trial court was sensitive to the need to obtain a jury determination of the amount of marijuana involved in Petitioner's crime.

The jurors were given a special verdict form, which required them to determine a weight range of the marijuana involved in the crime. The weight range options on the verdict form corresponded to the weight range provisions of the statute under which Petitioner was convicted – 21 U.S.C. § 841(b).[2] The jury selected a weight range of 50 to 100 kilograms, which meant that, under the applicable statute, Petitioner was subject to a statutory maximum sentence of twenty years. (See, n. 2, supra.)

Despite the jury's determination that Petitioner's offense involved 50 to 100 kilograms of marijuana, the trial court judge subsequently found at sentencing that the crime involved 528 kilograms of marijuana. Based on that latter determination, and other findings relevant to sentencing, (i.e., Petitioner's leadership role, the presence of a firearm, Petitioner's criminal history, etc.), the trial court sentenced Petitioner to twenty years in

---

[2] As the Seventh Circuit Court of Appeals subsequently explained on Petitioner's direct appeal:

> "21 U.S.C. § 841(b)(1) varies the sentence for violation of § 841(a) according to the type and amount of the drugs involved in the violation. For marijuana, the ranges are: (A) 10 years to life for over 1000kg; (B) 5 to 40 years for 100 to 1000kg; (C) 20 years or less for 50 to 100kg and (D) five years or less for less than 50kg."

United States v. Smith, 308 F.3d 726, 735 (7th Cir. 2002).

prison, which was the statutory maximum for the marijuana weight range found by the jury, (i.e., 50-100 kilograms). Petitioner is currently serving his twenty-year sentence at the Federal Medical Center in Rochester, Minnesota.

After Petitioner was convicted and sentenced, he filed a direct appeal with the Seventh Circuit Court of Appeals. He contended, (inter alia), that the trial court had erred by not requiring the jury to reach a unanimous decision, beyond a reasonable doubt, as to the precise amount of the marijuana involved in his offense. The Court of Appeals rejected that argument, (as well as the rest of Petitioner's claims), and upheld Petitioner's conviction and sentence. United States v. Smith, 308 F.3d 726 (7th Cir. 2002).

Petitioner later sought post-conviction relief in the trial court, by filing a motion pursuant to 28 U.S.C. § 2255 motion. While that motion was pending, the Supreme Court handed down its decision in Blakely v. Washington, 542 U.S. 296 (2004), which shed more light on the need for jury findings on sentencing factors. Petitioner sought leave to amend his § 2255 motion to include new arguments based on Blakely, and he was allowed to do so. Ultimately, however, Petitioner's Blakely claims were rejected, because the trial court concluded that Blakely is not retroactively applicable on collateral review.[3] Petitioner attempted to appeal that ruling, but both the trial court and the Seventh Circuit Court of Appeals refused to grant him a Certificate of Appealability, ("COA"). See 28 U.S.C. § 2253(c)(2).

Petitioner next filed a petition in the Seventh Circuit Court of Appeals, asking for permission to file a second § 2255 motion in the trial court. He argued that, contrary to the

---

[3] A copy of the trial court's ruling on Petitioner's § 2255 motion is included in the "Appendix" attached to the petition, (Docket No. 1), at p. 9.

trial court's ruling on his original § 2255 motion, it does not matter whether <u>Blakely</u> is retroactively applicable, because <u>Blakely</u> did not announce a new rule of constitutional law, but merely "clarified" the prior ruling in <u>Apprendi</u>. (<u>See</u> Petition, [Docket No. 1], p. 21.) However, the Court of Appeals denied Petitioner's request for leave to file a new § 2255 motion, (apparently without issuing any explanatory opinion).

On June 18, 2007, Petitioner filed his present application for a writ of habeas corpus pursuant to § 2241. He is once again challenging the propriety of his sentence, arguing here, as he has several times before, that his sentence is unconstitutional under <u>Apprendi</u>. More specifically, Petitioner contends that under <u>Apprendi</u>, as later clarified by <u>Blakely</u>, a federal court sentence cannot exceed the maximum sentence prescribed by the United States Sentencing Guidelines, if it is based on facts determined by a judge rather than a jury. Petitioner claims that the top of the Sentencing Guidelines range for his offense was 51 months, and that the trial court violated his constitutional rights – under <u>Apprendi</u>, as later clarified by <u>Blakely</u> – by imposing a sentence that exceeded 51 months, based on facts not found by the jury.

For the reasons discussed below, the Court finds that Petitioner cannot raise his current claims for relief in a § 2241 habeas corpus petition. Therefore, the Court will recommend that this action be summarily dismissed for lack of jurisdiction.

**II.   DISCUSSION**

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. <u>Abdullah v. Hedrick</u>, 392 F.3d 957, 959 (8th Cir. 2004), <u>cert</u>. <u>denied</u>, 545 U.S. 1147 (2005). The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." (Emphasis added.)

Thus, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of his federal prison sentence. Therefore, the present petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.[4]

---

[4] In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be

Petitioner vigorously contends that his current petition can indeed be entertained pursuant to the savings clause, because § 2255 has proven to be an inadequate or ineffective remedy for his Apprendi-Blakely claims. According to Petitioner,

> "Because the district and Appellate court refused to apply the constitutional protections as disctated [sic] by Apprendi to [Petitioner's] case, [Petitioner] has therefore, never had an 'unobstructed procedural shot' to benefit from Apprendi, conferring 'escape hatch' jurisdiction and provisions of the § 2255 'savings clause' to this court's review."

(Petition, p. 3.) This argument must be rejected.

Petitioner's submissions clearly show that, in fact, he has had multiple opportunities to challenge his sentence based on Apprendi. He raised Apprendi arguments during his original trial court proceedings, and on his direct appeal. He was later granted leave to amend his § 2255 motion, so that he could raise new Apprendi arguments based on Blakely. He re-raised his new Apprendi-Blakely claims in his requests for a COA, and

---

transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255, because he has already sought such relief once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph); Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Seventh Circuit Court of Appeals, the trial court judge could not entertain a new § 2255 motion at this time. Id. Therefore, it would not be appropriate to treat the present habeas corpus petition as a § 2255 motion and transfer this matter back to the original trial court.

It also appears that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255[ ¶ 6 ]. For this additional reason, it would be inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

6

again in his application for leave to file a successive § 2255 motion.

Petitioner's Apprendi-Blakely claims obviously have not been resolved to his satisfaction in the past, but that does not mean that § 2255 is an inadequate or ineffective remedy for raising those claims. Petitioner cannot validly claim that he has "never had an 'unobstructed procedural shot'" at raising his Apprendi-Blakely claims, simply because the courts that have considered those claims have not ruled in his favor.

Petitioner's true objective in this case is not to have his Apprendi-Blakely claims heard for the first time, but to have this Court review and overturn the prior decisions of the Northern District of Illinois and the Seventh Circuit Court of Appeals, which rejected those claims. However, this Court does not have the legal authority to set aside a prior ruling by a co-equal district court – not to mention a ruling by a circuit court of appeals. See Larson v. United States, 905 F.2d 218, 222 (8th Cir 1990) (second collateral attack on prisoner's conviction must be summarily dismissed where the prisoner "does no more than disagree with the previous habeas court").

The § 2255 savings clause does not allow a federal prisoner to use a § 2241 habeas corpus petition as a vehicle for re-raising claims that were raised and adjudicated in a prior § 2255 proceeding. This legal principle is clearly explained in two longstanding Seventh Circuit Court of Appeals' opinions that are worth quoting at length, because they are fully relevant to the present case. In Cain v. Markley, 347 F.2d 408, 410 (7th Cir. 1965), the Court explained:

> "Petitioner's § 2255 motion in the sentencing court was an adequate and effective remedy to test the legality of his detention inasmuch as that court considered and ruled on the identical issue presented in the instant petition for a writ of habeas corpus. <u>The fact that the motion was denied does not mean that it was an ineffective or inadequate procedural device</u>.

7

> True, it did not effect petitioner's release. The purpose of the statute, however, is not necessarily to end a prisoner's detention, but rather 'to test' its legality. The adoption of petitioner's argument would mean that, because of a possible application of different legal principles by the court confronted with a habeas petition and the court which has already ruled on a § 2255 motion, a prisoner would have the right in every instance to retest the legality of his detention." (Emphasis added.)

Similar reasoning appears in Stirone v. Markley, 345 F.2d 473, 474 (7th Cir.), cert. denied, 382 U.S. 829 (1965), where the Court held:

> "The fact that the court's disposition of the § 2255 motion was adverse to petitioner, or even, arguendo, incorrect, does not mean that his remedy under that section was 'inadequate or ineffective.' If that were the rule, any adverse determination by one court of a § 2255 application would be reviewable by another court in a habeas corpus proceeding. Obviously, such a result was not intended by Congress when it drafted § 2255."

See also, Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969) ("[a] federal prisoner seeking habeas corpus relief has the difficult burden of coming forward with evidence which affirmatively shows the ineffectiveness of the section 2255 relief in his case, and he cannot satisfy this requirement by merely showing that his previous section 2255 petition was unsuccessful") (emphasis added); McGhee v. Hanberry, 604 F.2d 9, 10-11 (5th Cir. 1979) (per curiam) (same).

Our Court of Appeals has confirmed that § 2255 cannot be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). See also Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied").

A federal prisoner can challenge his conviction and/or sentence in a § 2241 habeas petition, "only if he had no reasonable opportunity to obtain earlier judicial correction of a

fundamental defect in his conviction or sentence <u>because the law changed after his first 2255 motion</u>." <u>In re: Davenport</u>, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims in his § 2255 motion to the trial court, (and in his subsequent applications for a COA and for leave to file a second § 2255 motion), and he has not identified any material change in the law that has occurred since his § 2255 motion was denied.

The Court recognizes that Petitioner has attempted to argue that his current claims are based on "new law," namely the Supreme Court's decision in <u>Washington v. Recuenco</u>, 126 S.Ct. 2546 (2006). Although <u>Recuenco</u> was decided after Petitioner's § 2255 motion had been denied by the trial court, that case does not establish any new law that directly affects the prior court rulings on his <u>Apprendi</u>-<u>Blakely</u> claims.

Petitioner seems to believe that <u>Recuenco</u> is a critical new decision, because it supposedly declares for the first time that <u>Blakely</u> was merely a clarification of <u>Apprendi</u>, rather than a new constitutional rule that could not be applied retroactively on collateral review. Petitioner finds great significance in the Supreme Court's observation in <u>Recuenco</u> that, "[i]n <u>Blakely</u>, we <u>clarified</u> that 'the 'statutory maximum' for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.'" 125 S.Ct. at 2549 (emphasis added). This statement purportedly shows for the first time that "Blakely was not a new rule, [and therefore] there can be absolutely no need for it to be subject to a retroactive application doctrine to benefit [Petitioner] as argued in his first § 2255 and successive petition." (Petition, p. 21.)

According to Petitioner, Recuenco's statement that Blakely "clarified" Apprendi corrects a fundamental misunderstanding about the true nature of Blakely – a misunderstanding that allegedly caused the trial court and the Seventh Circuit to erroneously reject his Blakely claims. That argument fails, however, because long before Recuenco, the Seventh Circuit recognized that Blakely "clarified" Apprendi. Indeed, two years before Recuenco, (and a month before rejecting Petitioner's COA application), the Seventh Circuit specifically stated that in Blakely "the Supreme Court clarified that it is the province of the jury to make the findings of fact that bear upon the length of a defendant's sentence." United States v. Swanson, 394 F.3d 520, 524 (7th Cir. 2005) (emphasis added). Thus, the Court rejects Petitioner's suggestion that Recuenco establishes a new rule of law that should allow him to re-raise his Apprendi-Blakely claims in a § 2241 habeas petition.

## III. CONCLUSION

Because Petitioner's current application for habeas corpus relief challenges the validity of the prison sentence he is currently serving, his claims cannot be raised in a § 2241 habeas corpus petition, unless the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective." Although Petitioner obviously disagrees with the prior rulings on his Apprendi-Blakely claims in the Northern District of Illinois and the Seventh Circuit Court of Appeals, that does not mean that the remedy provided by § 2255 is inadequate or ineffective and the "savings clause" applies.

Section 2255 did provide Petitioner an adequate and effective means of challenging his sentence, and the trial court did, in fact, hear and decide the Apprendi-Blakely claims that Petitioner previously brought under that statute. Furthermore, there has not been any relevant change in the law that would allow Petitioner to circumvent § 2255's exclusive

remedy provision, and have his claims reconsidered under § 2241.

In sum, the § 2255 savings clause is not applicable here, so Petitioner's current claims for relief cannot be raised in a § 2241 habeas corpus petition. The Court must therefore recommend that this action must be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging prior criminal conviction was properly dismissed for lack of subject matter jurisdiction, where petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy); Abdullah, 392 F.3d at 964 ("[b]ecause Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition").[5]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No.

---

[5] It appears that even if Petitioner's current Apprendi-Blakely claims could be entertained here, those claims would be denied on the merits. In Apprendi, the Supreme Court held that a defendant's sentence cannot exceed the statutory maximum, based on facts determined by a judge rather than a jury; and in Blakely, the Court held that "the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." 542 U.S. at 303-04. In this case, the jury found that Petitioner's crime involved 50 to 100 kilograms of marijuana. Therefore, the statutory maximum sentence, based on the jury's finding alone, (i.e., without the necessity for any additional findings by the sentencing judge), was twenty years. Because Petitioner's sentence did not exceed the twenty-year statutory maximum, there appears to have been no violation of Apprendi or Blakely. See United States v. Hernandez, 436 F.3d 851, 856 (8th Cir. 2006) ("[b]ecause no statutory maximum was exceeded, there is no Apprendi violation").

1), be summarily dismissed for lack of jurisdiction.

Dated: July 6, 2007

                                          s/ Susan Richard Nelson
                                          SUSAN RICHARD NELSON
                                          United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 23, 2007**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.