UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-2918(DSD/SRN)

Harry DeWayne Lowe,

       Petitioner,

v.                                                            **ORDER**

United States of America,

       Respondent.

     This matter is before the court upon petitioner's objections to the report and recommendation of Magistrate Judge Susan R. Nelson dated July 6, 2007. In her report, the magistrate judge concluded that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction. The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C).

     Petitioner Harry DeWayne Lowe ("Lowe") objects to the recommendation, arguing that his 28 U.S.C. § 2255 petition was "inadequate and ineffective" because it was considered before the Supreme Court ruled in <u>United States v. Booker</u>, 543 U.S. 220 (2005). Lowe maintains that his § 2255 motion was decided as a result of an incorrect interpretation of the Sixth Amendment and argues that a § 2241 petition is the proper method for challenging the illegality of his sentence. No matter how the argument is phrased, Lowe's objection is that his sentence is invalid and must be reconsidered.

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. See Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004). Accordingly, no court has jurisdiction over such a challenge under 28 U.S.C. § 2241 unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of ... [his] detention." DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986). A petitioner has the burden of demonstrating the inadequacy or ineffectiveness of the remedy provided by § 2255. Abdullah, 392 F.3d at 959. The mere fact that an individual may be barred from filing a § 2255 motion for procedural reasons does not render the remedy inadequate or ineffective so as to permit utilization of § 2241. Id. Specifically, the § 2255 remedy is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, because petitioner has been denied permission or does not meet the statutory requirements for filing a second or successive § 2255 motion or because a § 2255 petition is time-barred. Id.

As the magistrate judge properly concluded, Lowe has failed to demonstrate that the remedy provided by § 2255 was inadequate or ineffective. The impediment to relief is Booker, not § 2255, because Booker "does not apply to criminal convictions that became

final before [the ruling] was announced, and thus does not benefit movants in collateral proceedings." Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005) (per curiam). Despite Lowe's claims to the contrary, it is Booker's nonretroactivity that prevents him from the relief he seeks.  See Knight v. Anderson, No. 06-3992, 2006 WL 3313767, at *4-5 (D. Minn. Nov. 15, 2006); see also Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1062 (8th Cir. 2002) (Section 2255 not inadequate or ineffective remedy where Apprendi is true impediment to relief sought).  Moreover, nothing in Washington v. Recuenco, 126 S. Ct. 2546 (2006) - in which the Court noted that Blakely v. Washington, 542 U.S. 296 (2004), "clarified" part of its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000) - affects this case.

In sum, the court finds that the report and recommendation of the magistrate judge is well reasoned and correctly disposes of petitioner's claims.  Therefore, the court adopts the report and recommendation in its entirety.

Accordingly, **IT IS HEREBY ORDERED** that petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Doc. No. 1] is dismissed for lack of jurisdiction.

Dated:  October 10, 2007

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court